IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| HAUNAH VANLANINGHAM and DANIELLE SCHWARTZ, individually and on behalf of all similarly-situated current citizens of Illinois,<br><br>        Plaintiffs,<br><br>   v.<br><br>CAMPBELL SOUP CO.,<br><br>        Defendant. | No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446, defendant Campbell Soup Co. removes this case from the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois. For the reasons explained below, this Court has original jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b). Indeed, the same Plaintiffs filed a functionally identical case against Campbell two years ago in the Circuit Court for the 20th Judicial Circuit of County of St. Clair, and Campbell successfully removed that case to this Court. *See Schwartz v. Campbell Soup Co.*, 2019 WL 126188 (S.D. Ill. Jan. 8, 2019).

## I.      THE STATE COURT ACTION

On March 6, 2020, Plaintiffs Haunah Vanlaningham and Danielle Schwartz filed a Class Action Complaint in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, captioned *Haunah Vanlaningham and Danielle Schwartz v. Campbell Soup Co.*, 20-L-0189 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint filed in the State Court Action is attached hereto as Exhibit A. Plaintiff served Campbell with a copy of the Complaint and Summons from the Circuit Court on June 2, 2020. A copy of the summons is attached here as Exhibit B.

The Complaint alleges three causes of action against Campbell: (1) violation of Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/2, (2) Breach of Express Warranty, and (3) unjust enrichment. Compl. ¶¶ 67–95. These claims arise out of Campbell allegedly false and deceptive marketing and sale of the following Campbell "Home Style" and "Slow Kettle" soups: Harvest Tomato With Basil, Healthy Request Harvest With Basil, Zesty Tomato Bisque, New England Clam Chowder, Vegetable Medley, Minestrone, Potato Broccoli Cheese, Tomato & Sweet Basil Bisque, Roasted Red Pepper & Smoked Gouda Bisque, New England Clam Chowder with Fresh Cream, and Creamy Broccoli Cheddar Bisque (collectively "Soups").

Plaintiffs brings this action as a putative class action. They seek to represent a class of "All current citizens of Illinois who purchased Campbell Home Style Harvest Tomato With Basil soup; Home Style Healthy Request Harvest With Basil soup; Home Style Zesty Tomato Bisque soup; Home Style New England Clam Chowder soup; Home Style Light New England Clam Chowder soup; Home Style Vegetable Medley soup; Home Style Minestrone soup; Home Style Potato Broccoli Cheese soup; Slow Kettle Tomato & Sweet Basil Bisque soup; Slow Kettle Roasted Red Pepper & Smoked Gouda Bisque soup; Slow Kettle New England Clam Chowder soup; Slow Kettle New England Clam Chowder With Fresh Cream soup; and/or Slow Kettle Creamy Broccoli Cheddar Bisque soup for personal, family, or household purposes in the five years preceding the filing of the Complaint (the 'Class Period')." Compl. ¶ 58.

Plaintiff seeks an "award of compensatory damages to Plaintiffs and the proposed Class," or, alternatively, disgorgement. Compl. at 21 (Prayer for Relief). Plaintiffs allege that they and each class member would not have purchased the Soups or would have paid less for them had the labels not been false or misleading. Compl. ¶¶ 14, 15. Plaintiffs also seek an award of "reasonable and necessary attorneys' fees and costs," and "all such other further relief, as may be just and proper." Compl. at 21 (Prayer for Relief).

## II.     GROUNDS FOR REMOVAL

**A.      This action is removable under the Class Action Fairness Act of 2005.**

"[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under § 1441 because the District Courts of the United States have original jurisdiction over it pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, and as shown in the accompanying declaration of Kyle Hammonds, these requirements are met, and this matter is removable.

### 1.     This is a putative class action in which the aggregate number of members is 100 or more.

This action is a putative class action within the meaning of CAFA. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs filed this action under 735 ILCS 5/2-801, which provides that "[a]n action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class" provided that the action satisfies four requirements—numerosity, commonality, adequacy of representation, and that the "class action is an appropriate method" for resolving the dispute. The requirements of 753 ILCS 5/2-801 parallel Federal Rule of Civil Procedure 23. *See* Fed. R. Civ. P. 23(a) (requirements for class certification are commonality, typicality, numerosity, and adequacy of representation).

Plaintiffs' putative class action likewise contains 100 or more members. Plaintiffs seek to represent a class of "[a]ll current Illinois citizens who purchased" the Soups during the Class Period. Compl. ¶ 58. Plaintiff alleges that "the Class consists of hundreds of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court." Compl. ¶ 60. By Plaintiffs' own allegations, this element is met.

### 2.     The aggregate amount in controversy exceeds $5,000,000

CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). A defendant seeking to remove a case must assert "a short and plain statement of the grounds for removal" and defendant's allegations of the amount in controversy "should be accepted when not contested by the plaintiff or questioned by the court." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017); *see also Blomberg v. Serv Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (a removing party must establish the amount in controversy by a good faith estimate that is "plausible and adequately supported by the evidence."). If defendant's assertions are challenged, it bears the burden of establishing the amount in controversy by a preponderance of the evidence. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). "This burden is not 'daunting' and only requires that the defendant 'provide evidence establishing that it is more likely than not that the amount in controversy exceeds [$5,000,000].'" *Blevins v. Republic Refrigeration, Inc.*, 2015 WL 12516693, at *6 (C.D. Cal. Sept. 25, 2015) (citation omitted) (alterations in original). Defendant may submit this evidence in opposition to plaintiff's motion to remand. *Dart Cherokee*, 135 S. Ct. at 554 ("Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegations.").

Here, Plaintiffs' request for compensatory damages puts more than $5,000,000 in controversy.[1] Plaintiffs claim that if they "had known the soup in fact contained preservatives,

---

[1] Campbell disputes that Plaintiffs are entitled to any relief.

[they] would not have purchased it or would have paid less for it." Compl. ¶ 14, 15. Plaintiffs assert their experiences are typical of those of the putative class. Compl. ¶ 62. Plaintiffs claim the labeling of the particular soup they purchased is "substantially similar" to other Campbell soups, so they have standing to raise claims on behalf of the putative class as to all of the Soups. Compl. ¶¶ 16–17. Thus, Plaintiffs seeks for themselves and the putative class compensatory damages corresponding to the amount Illinois consumers spent on the Soups during the Class Period.

As explained in the declaration of Kyle Hammonds filed in support of this Notice of Removal, Campbell total sales of the Soups to retailers and other third-parties located in Illinois was more than $5.5 million over a comparable four-and-a-half-year period (2014, 2015, 2016, 2017, and part of 2018). *See* Declaration of Kyle Hammonds ("Hammonds Decl.") ¶ 6; Compl. ¶ 58 (defining "Class Period" as including the five-year period prior to the filing of the Complaint). And this number is necessarily underinclusive. Campbell sells the Soups to grocery stores, distributors, and other third-parties, which sell the Soups to consumers at a markup. Hammonds Decl. ¶ 5. So, the total sales figure reflected in the Hammonds declaration ($5.5 million) is less than the total *retail* sales number. *Id.* Also, the Hammonds accounts for sales over a four-and-a-half-year period, while the Class Period in this case is five years. *Compare id.* ¶ 6, *with* Compl. ¶ 58. Finally, although retailers in Illinois may sell to out-of-state customers, this practice likely produces small and offsetting effects on state-specific sales numbers. Hammonds Decl. ¶ 5. As this Court previously held, "the extrapolation from wholesales into retail sales by Mr. Hammonds is a plausible method of calculating damages." *Schwartz v. Campbell Soup Co.*, 2019 WL 126188, at *2 (S.D. Ill. Jan. 8, 2019).

Given the breadth of Plaintiff's compensatory damages request and their apparent intent to seek a complete refund of the purchase price paid, Compl. ¶¶ 14, 15, Campbell could be on the hook for actual damages equal to the total *retail* sales figure over the five-year class period, which exceeds $5.5 million.

"Plaintiffs also bring claims under ICFA, which permits the recovery of punitive damages." *Schwartz*, 2019 WL 126188, at *2; Compl. ¶ 68. "Where both actual and punitive damages are

recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount." *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211 (7th Cir. 1995). "If punitive damages are available, subject matter jurisdiction exists unless it is legally certain that the plaintiff will be unable to recover the requisite jurisdictional amount." *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 551 (7th Cir. 2008).

Plaintiff does not expressly request punitive damages, but her prayer for relief includes "all such other and further relief, as may be just and proper." Compl. at 21 (Prayer for Relief). "Thus, it is still appropriate for the Court to consider potential punitive damages as part of the amount in controversy analysis." *Schwartz*, 2019 WL 126188, at *2 (in prior identical case against Campbell on same products by same Plaintiffs, considering punitive damages in ICFA complaint with identical allegations); *see also See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) (accounting for punitive damages "although the complaint was silent about punitive damages, [because] the ICFA permits recovery of punitive damages . . .").

As this Court previously found, it is not "legally certain that plaintiff will be unable to recover the requisite jurisdictional amount," especially given Campbell potential exposure on punitive damages. *Spaulding*, 533 F.3d at 551; *Schwartz*, 2019 WL 126188, at *3. To the contrary, Campbell sold more than $5.5 million in Soups during a comparable four-and-a-half-year period, a number that is necessarily lower than the retail sales figure but still exceeds the jurisdictional threshold. This element is satisfied.

### 3.    The parties are minimally diverse.

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

Plaintiffs Haunah Vanlaningham and Danielle Schwartz are both citizens of Illinois who reside—and on information and belief are domiciled—in St. Clair County, Illinois. Compl. ¶¶ 14, 15; *Seaboard Fin. Co. v. Davis*, 276 F. Supp. 507, 509 (N.D. Ill. 1967) ("The domicile is the state in which a person resides with the intention of remaining."). Plaintiff seeks to represent a class of

Illinois purchasers. Compl. ¶ 58. It stands to reason that at least one of those individuals is domiciled in Illinois.

Defendant is not citizens of Illinois. Campbell is a New Jersey corporation with its principal place of business in Camden, New Jersey. *See* Compl. ¶ 18; *Basden v. AG Growth Int'l, Inc.*, 2012 WL 3610112, at *1 (S.D. Ill. Aug. 21, 2012) ("A corporation is a citizen of the state in which it is incorporated *and* maintains its primary place of business."). Thus, at least one (and in fact both) Plaintiff is a citizen of different states from Defendant, and CAFA's minimal diversity requirements are met. *See* 28 U.S.C. § 1332(d)(2).

**B.     There are no barriers to removal.**

This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).[2]

Section 1332(d)(4) requires a federal court to decline jurisdiction over a class action when, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed," and at least one defendant whose "alleged conduct forms a significant basis for the claims asserted by the proposed class . . . is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed"). Section 1332(d)(4) does not apply here because Campbell is not a citizen of Illinois, the state in which the action was originally filed. Compl. ¶ 18.[3]

---

[2] Campbell is not a "State[], State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A) therefore does not preclude this Court's jurisdiction.

[3] For the same reason, this Court may not decline to assert jurisdiction over this case under 28 U.S.C. § 1332(d)(3) (permitting a district court to decline jurisdiction over "a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate *and the primary defendants are citizens of the State in which the action was originally filed* . . . .").

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id.* § 1453(d) (same). Those provisions do not bar jurisdiction here because Plaintiffs' claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues. *See* Compl. ¶¶ 49–65 (claims arising under Illinois common law and consumer protection statutes).

**C.     Venue and intra-district assignment are proper.**

The Southern District of Illinois, East St. Louis division is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Circuit Court for the 20th Judicial Circuit County of St. Clair, where the Complaint was filed and is currently pending. *See* 28 U.S.C. § 1441(a).

**D.     Campbell has satisfied all other requirements of the removal procedure.**

This Notice of Removal is timely filed. Campbell was served with a copy of the Complaint and Summons on June 2, 2020. Campbell filed and served this Notice of Removal within 30 days of service of the Complaint in compliance with 28 U.S.C. § 1446(b).

As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Campbell are being filed herewith. These documents are attached hereto as Exhibits A–C. A true and correct copy of the state court's docket is attached hereto as Exhibit D.

Pursuant to 28 U.S.C. § 1446(d), Campbell will promptly serve on Plaintiffs and file with the Circuit Court a "Notice to Adverse Party and State Court of Removal to Federal Court." Campbell will also file with this Court a "Certificate of Service of Notice to Adverse Party and State Court of Removal to Federal Court."

**III.     RESERVATION OF RIGHTS AND DEFENSES**

Campbell expressly reserve all its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiffs' allegations or waiving any of

Campbells' defenses. *See, e.g.*, *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

## IV.    CONCLUSION

WHEREFORE, Campbell requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from St. Clair County Circuit Court, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action.

DATED: July 1, 2002

By:  */s/ Kathleen A. Stetsko*
     One of the Attorneys for Campbell Soup
     Company

Kathleen A. Stetsko
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Tel: (312) 324-8400
Fax: (312) 324-9400

Charles C. Sipos, *pro hac vice forthcoming*
CSipos@perkinscoie.com
Lauren W. Staniar, *pro hac vice forthcoming*
LStaniar@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-3316
Fax: (206) 359-4316

## <u>CERTIFICATE OF SERVICE</u>

I, Kathleen A. Stetsko, certify that on July 1, 2020, at my direction the foregoing **NOTICE**

**OF REMOVAL** was electronically filed with the Clerk of the Court using the CM/ECF system

and served the following attorneys by email:

David C. Nelson (ARDC 6225722)
Nelson & Nelson, Attorneys at Law, P.C.
420 North High Street
Belleville, Illinois 62220
Tel: 618-277-4000
Email: dnelson@nelsonlawpc.com

Matthew H. Armstrong (ARDC 6226591)
Armstrong Law Firm LLC
8816 Manchester Rd., No. 109
St. Louis, Missouri 63144
Tel: 314-258-0212
Email: matt@mattarmstronglaw.com

Attorneys for the Putative Class

I certify under penalty of perjury that the
foregoing is true and correct.


/s/   Kathleen A. Stetsko
Kathleen A. Stetsko