# Exhibit A

Electronically Filed
Kahalah A. Clay
Circuit Clerk
CARMEN GLENN
20L0189
St. Clair County
3/6/2020 10:32 AM
8760231

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

| | |
|---|---|
| HAUNAH VANLANINGHAM and DANIELLE SCHWARTZ, individually and on behalf of all other similarly-situated current citizens of Illinois,<br><br>     Plaintiffs,<br><br>v.<br><br>CAMPBELL SOUP CO.,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    No. 20-L-0189 |

## CLASS ACTION COMPLAINT

Plaintiffs, Haunah Vanlaningham and Danielle Schwartz, individually and on behalf of all other similarly-situated current citizens of Illinois, allege the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

### CASE SUMMARY

1.      This case arises out of Defendant Campbell's Soup Co.'s ("Defendant") deceptive, unfair, and false practices regarding its "Home Style" soups, specifically:

> Harvest Tomato With Basil;
> Healthy Request Harvest With Basil;
> Zesty Tomato Bisque;
> New England Clam Chowder;
> Light New England Clam Chowder;
> Vegetable Medley;
> Minestrone; and
> Potato Broccoli Cheese (the "Home Style Soups").

2.      This case also arises out of Defendant's deceptive, unfair, and false practices regarding its "Slow Kettle" soups, specifically:

Tomato & Sweet Basil Bisque;
Roasted Red Pepper & Smoked Gouda Bisque;
New England Clam Chowder;
New England Clam Chowder With Fresh Cream; and
Creamy Broccoli Cheddar Bisque (the "Slow Kettle Soups").

The Home Style Soups and Slow Kettle Soups are collectively referred to as the "Soups."

3.     On the label of the Home Style Soups, Defendant intentionally, deceptively, falsely, and unfairly represents that the Soups have "No Preservatives Added," which deceived Plaintiff and reasonable consumers into believing that the Soups contain no preservatives.

4.     On its website describing the ingredients in its Home Style Soups Defendant intentionally, deceptively, falsely, and unfairly states: "No artificial flavors and no added preservatives or colors," which deceives reasonable consumers into believing that the Home Style Soups contain no artificial flavors or contain no added preservatives or colors or contain no artificial flavors, preservatives or colors[1]

5.     On the lid of the Slow Kettle Soups, Defendant intentionally, deceptively, falsely, and unfairly represents that the Soups are "Made With Patience, Not Preservatives" which deceived Plaintiff and reasonable consumers into believing that the Slow Kettle Soups contain no preservatives.

6.     On its website describing the ingredients in the Slow Kettle Soups, Defendant intentionally, deceptively, falsely, and unfairly states: "No artificial flavors. Campbell's Slow Kettle Style soups contain no preservatives, no artificial colors, no artificial flavors and no added MSG," which deceives reasonable consumers into believing that the Soups contain no artificial

---

[1] https://www.whatsinmyfood.com/product/homestyle/ (last viewed on February 29, 2020).

colors or artificial flavors.[2]

7. The Soups, however, contain preservatives because they contain the ingredients citric acid, ascorbic acid, succinic acid, sodium phosphate, and/or xanthan gum, all of which are preservatives (the "Preservatives").

8. The Soups also contain artificial flavors because they contain monosodium glutamate, disodium inosinate, disodium guanylate, citric acid, and/or succinic acid which are commercially manufactured artificial flavors (the "Artificial Flavors").

9. Based upon the packaging, labels, and marketing, Plaintiffs and reasonable consumers reasonably believe and assume that Home Style Soups labeled, "No Preservatives Added" and/or "No artificial flavors and no added preservatives or colors," contain no preservatives or artificial flavors.

10. Based upon the packaging, labels, and marketing, Plaintiffs and reasonable consumers reasonably believe and assume that Slow Kettle Soups labeled, "Made with patience, not preservatives" and/or "No artificial flavors. Campbell's Slow Kettle Style soups contain no preservatives, no artificial colors, no artificial flavors no added MSG," contain no preservatives or artificial flavors.

11. Because the Soups contain the Preservatives and/or Artificial Flavors, the representations that the Soups contain no preservatives or artificial colors are unfair, false, deceptive, and misleading.

12. By claiming that the Soups are free of preservatives and artificial colors, Defendant deceived Plaintiffs and reasonable consumers into believing that the Soups do not

---

[2] https://www.whatsinmyfood.com/product/slow-kettle/ (last viewed on February 29, 2020).

contain preservatives or artificial colors, when they in fact contain the Preservatives and/or the Artificial Colors.

13. Plaintiffs bring this case to recover damages for Defendant's false, deceptive, unfair, and misleading marketing and advertising in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), and Illinois common law.

## THE PARTIES

14. Plaintiff Haunah Vanlaningham is an Illinois citizen residing in St. Clair County, Illinois. On a few occasions during the Class Period (as defined below), including in the first six months of 2018, Plaintiff purchased the Defendant's Home Style Harvest Tomato With Basil soup at Target in Belleville, Illinois, for personal purposes after reviewing the "No Preservatives Added" representation on the soup's label, which deceived her. If Plaintiff had known the soup in fact contained preservatives, she would not have purchased it or would have paid less for it. Upon information and belief, the purchase price of the soup was $2.49.

15. Plaintiff Danielle Schwartz is an Illinois citizen residing in St. Clair County, Illinois. On a few occasions during the Class Period (as defined below), including in the first six months of 2018, Plaintiff purchased the Defendant's Slow Kettle Tomato & Sweet Basil Bisque at Target in Belleville, Illinois, for personal purposes after reviewing the "Made With Patience, Not Preservatives" representation on the soup's label, which deceived her. If Plaintiff had known the soup in fact contained preservatives, she would not have purchased it or would have paid less for it. Upon information and belief, the purchase price of the soup was $3.89.

16. The label of the Home Style Soup purchased by Plaintiff Vanlaningham is substantially similar to the labels of the Home Style Soups she has not purchased in that each

label claims that the Home Style Soups have "No Preservatives Added." Accordingly, Plaintiff Vanlaningham has standing to pursue claims relating to Home Style Soups she did not actually purchase.

17.     The label of the Slow Kettle Soup purchased by Plaintiff Schwartz is substantially similar to the labels of the Slow Kettle Soups she has not purchased in that each label claims that the Slow Kettle Soups are "Made With Patience, Not Preservatives." Accordingly, Plaintiff Schwartz has standing to pursue claims relating to Slow Kettle Soups she did not actually purchase.

18.     Defendant Campbell's Soup Co. is a New Jersey corporation with its headquarters and principal place of business in Camden, New Jersey.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

20.     Plaintiffs believe and allege that the total value of their individual claims is, at most, equal to the purchase price paid for the Soups. There is therefore no diversity jurisdiction over this case.

21.     Because the value of Plaintiffs' claims are typical of all class members with respect to the value of the claim, the total damages of Plaintiffs and Class Members, inclusive of costs and attorneys' fees is far less than the five-million dollars ($5,000,000) minimum threshold to create federal court jurisdiction. There is therefore no CAFA jurisdiction for this case.

22.     Defendant cannot plausibly allege that it had sufficient sales of the Soups in Illinois during the Class Period to establish an amount in controversy that exceeds CAFA's

jurisdictional threshold.

23.     This Court has personal jurisdiction over Defendant because Defendant has had more than minimum contacts with the State of Illinois and has purposefully availed itself of the privilege of conducting business in this state.   In addition, as explained below, Defendant has committed affirmative tortious acts within the State of Illinois that give rise to civil liability, including distributing the fraudulently labeled Soups for sale throughout the State of Illinois.

24.     Venue is proper in this forum pursuant to 735 ILCS 5/2-101 because the transactions out of which the causes of action arose occurred in this county.

25.     Plaintiffs and Class Members do not seek to recover punitive damages or statutory penalties in this case.

## FACTUAL ALLEGATIONS

### Allegations Related to Various Ingredients in the Soups

26.     Citric acid is an antioxidant and is used by Defendant in processed and canned foods to artificially create or alter flavor, to artificially slow or prevent discoloration and to artificially slow or prevent spoilage.   At all relevant times, Defendant used commercially manufactured citric acid.   According to Defendant's website: "We add citric acid to control the acidity of the sauce and make sure it's shelf stable and safe."   The website continues, citric acid "can add a sharp or tart flavor.   It is commonly used to control the acidity of shelf stable products."[3]

27.     Ascorbic acid is an antioxidant food additive and is used by Defendant in processed and canned foods to artificially create or alter flavor, to artificially slow or prevent

---

[3] https://www.whatsinmyfood.com/?s=citric+acid (last viewed on February 28, 2020).

discoloration, to artificially slow or prevent spoilage and to artificially add or replace nutrients lost in food processing. At all relevant times, Defendant used commercially manufactured ascorbic acid. According to Defendant's website: ascorbic acid is "add[ed] to replace the naturally-occurring vitamin C in tomatoes that may be lost during preparation and cooking of the soup."[4]

28.    Succinic acid is a food additive food additive and is used by Defendant in processed and canned foods to artificially create or alter flavor and to artificially slow or prevent spoilage. At all relevant times, Defendant used commercially manufactured succinic acid. According to Defendant's website: "Succinic acid is [a] natural flavor enhancer made from fermenting sugar. It is typically used to add a sea-salty flavor."[5]

29.    Monosodium glutamate (MSG) is a food additive and is used by Defendant to artificially create flavor. At all relevant times, Defendant used commercially manufactured MSG. According to Defendant's website, MSG "is used to enhance the food's savory flavor."[6]

30.    Sodium phosphate a food additive and is used to artificially create or alter flavor and to artificially create or alter food texture. At all relevant times, Defendant used commercially manufactured sodium phosphate. According to Defendant's website: sodium phosphate is "used to maintain the texture and flavor of the meat and cheese in our recipes."[7]

31.    Disodium guanylate is a food additive ingredient and is used in canned and processed foods by Defendant to artificially create or alter food flavor. At all relevant times, Defendant used commercially manufactured disodium guanylate. According to Defendant's

---

[4] https://www.whatsinmyfood.com/?s=ascorbic+acid (last viewed on February 29, 2020).
[5] https://www.whatsinmyfood.com/?s=succinic+acid (last viewed on February 29, 2020).
[6] https://www.whatsinmyfood.com/?s=monosodium+glutamate (last viewed on February 29, 2020).
[7] https://www.whatsinmyfood.com/?s=sodium+phosphate (last viewed on February 29, 2020).

website: disodium guanylate is a flavor that "help[s] create a savory or an umami flavor."[8]

32.     Disodium inosinate is a food additive used by Defendant in canned and processed foods to artificially create or alter flavor.  At all relevant times, Defendant used commercially manufactured disodium inordinate.  According to Defendant's website: disodium inosinate "help[s] create a savory or an umami flavor.[9]

33.     Xanthan gum is a food additive used by Defendant in canned and processed foods to artificially slow or later natural food separation and to artificially alter food texture. At all relevant times, Defendant used commercially manufactured xanthan gum. According to Defendant's website: xanthan gum is "[a] thickener used to blend our spices and ingredients to give a consistent flavor and appearance."[10]

## Allegations Related to Home Style Soups

34.     Defendant manufactures, markets, advertises, distributes, and sells the Home Style Soups.

35.     Plaintiff Vanlaningham and reasonable consumers reasonably believe, define, and assume that Home Style Soups labeled "No Preservatives Added" do not contain added preservatives.

36.     Plaintiff Vanlaningham and reasonable consumers reasonably believe, define, and assume that Home Style Soups marketed as having "No artificial flavors and no added preservatives or colors," do not contain added preservatives or artificial flavors.

37.     Knowing that consumers like Plaintiffs are interested in purchasing products that

---

[8] https://www.whatsinmyfood.com/?s=disodium+guanylate (last viewed on February 29, 2020).
[9] https://www.whatsinmyfood.com/?s=disodium+inosinate (last viewed on February 29, 2020).
[10] https://www.whatsinmyfood.com/?s=xanthan+gum (last viewed on February 29, 2020).

do not contain artificial flavors, preservatives or colors, Defendant sought to mislead consumers and entice purchases and profits by labeling its Home Style Soups as having "No Preservatives Added," and marketing its Home Style Soups as having "No artificial flavors and no added preservatives or colors."

38.     By affixing such labels to the packaging of the Home Style Soups and making such marketing representations, Defendant can and did entice Plaintiff Vanlaningham and reasonable consumers to pay a premium price for Home Style Soups supposedly made without artificial flavors, or added preservatives, or added colors.

39.     The Home Style Soups are not free of added preservatives or artificial flavors because:

   (a) Harvest Tomato With Basil contains citric acid, ascorbic acid and MSG;

   (b) Healthy Request Harvest With Basil contains citric acid;

   (c) Zesty Tomato Bisque contains citric acid;

   (d) New England Clam Chowder contains succinic acid, MSG, sodium phosphate, disodium inosinate, and disodium guanylate;

   (e) Light New England Clam Chowder contains succinic acid, MSG, sodium phosphate, disodium inosinate, and disodium guanylate;

   (f) Vegetable Medley contains xanthan gum and MSG;

   (g) Minestrone contains xanthan gum and MSG; and

   (h) Potato Broccoli Cheese contains MSG.

40.     Neither Plaintiff Vanlaningham nor any reasonable consumer would expect the Preservatives to be in the Home Style Soups labeled "No Preservatives Added."

41.     Neither Plaintiff Vanlaningham nor any reasonable consumer, when reviewing the Home Style Soups' labels, would know or should know that the Home Style Soups contained the Preservatives.

42.     Neither Plaintiff Vanlaningham nor any reasonable consumer would expect the Artificial Flavors to be in the Home Style Soups marketed as having "No artificial flavors and no added preservatives or colors."

43.     Neither Plaintiff Vanlaningham nor any reasonable consumer when reviewing the Home Style Soups' marketing would know or should know that the Home Style Soups contained the Artificial Flavors.

44.     Defendant's fraudulent and deceptive labels caused Plaintiffs to suffer injury and damages because Defendant was able to charge, and Plaintiffs and Class Members paid, a premium for the Home Style Soups supposedly free of preservatives and/or artificial flavors. Because they are not in fact free of preservatives and/or artificial flavors, the Home Style Soups were worth less than they were represented to be, and Plaintiff and Class Members paid extra for them.

45.     Defendant's misrepresentation on the Home Style Soups constitutes unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, or misrepresentation within the meaning of the ICFA.

### Allegations Related to Slow Kettle Soups

46.     Defendant manufactures, markets, advertises, distributes, and sells the Slow Kettle Soups.

47.     Plaintiff Schwartz and reasonable consumers reasonably believe, define, and assume that Slow Kettle Soups labeled "Made With Patience, Not Preservatives" do not contain added preservatives.

48.     Plaintiff Schwartz and reasonable consumers reasonably believe, define, and assume that Slow Kettle Soups marketed as having "No artificial flavors - Campbell's Slow Kettle Style soups contain no preservatives, no artificial colors, no artificial flavors and no added MSG," do not contain added preservatives and/or artificial flavors.

49.     Knowing that consumers like Plaintiffs are interested in purchasing products that do not contain artificial flavors, preservatives or colors, Defendant sought to mislead consumers and entice purchases and profits labeling its Slow Kettle Soups as being "Made With Patience, Not Preservatives."

50.     By affixing such labels to the packaging of the Slow Kettle Soups, Defendant can and did entice Plaintiff Schwartz and reasonable consumers to pay a premium price for Slow Kettle Soups supposedly made without artificial colors, artificial flavors, or added preservatives.

51.     The Slow Kettle Soups are not free of artificial flavors, or added preservatives, or added colors because:

        (a) Tomato & Sweet Basil Bisque contains citric acid;

        (b) Roasted Red Pepper & Smoked Gouda Bisque contains citric acid;

        (c) New England Clam Chowder contains succinic acid and sodium phosphate;

        (d) New England Clam Chowder With Fresh Cream contains succinic acid and sodium phosphate; and

        (e) Creamy Broccoli Cheddar Bisque contains sodium phosphate.

52.     Neither Plaintiff Schwartz nor any reasonable consumer would expect the

Preservatives to be in Slow Kettle Soups labeled "Made With Patience, Not Preservatives."

53.     Neither Plaintiff Schwartz nor any reasonable consumer, when reviewing the Slow Kettle Soups' labels, would know or should know that the Slow Kettle Soups contained the Preservatives.

54.     Neither Plaintiff Schwartz nor any reasonable consumer would expect the Artifical Flavors to be in Slow Kettle Soups marketed as having "no preservatives, no artificial colors, no artificial flavors and no added MSG."

55.     Neither Plaintiff Schwartz nor any reasonable consumer when reviewing the Slow Kettle Soups' marketing would know or should know that the Slow Kettle Soups contained the Artificial Flavors.

56.     Defendant's fraudulent and deceptive labels caused Plaintiffs to suffer injury and damages because Defendant was able to charge, and Plaintiff and Class Members paid, a premium for the Slow Kettle Soups supposedly free of preservatives and/or artificial flavors. Because they are not in fact free of preservatives and/or artificial flavors, the Slow Kettle Soups were worth less than they were represented to be, and Plaintiff and Class Members paid extra for them.

57.     Defendant's misrepresentation on the Slow Kettle Soups constitutes unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, or misrepresentation within the meaning of the ICFA.

## CLASS ALLEGATIONS

58.     Pursuant to 735 ILCS 5/2-801 et. seq., Plaintiffs bring this action on their own behalf and on behalf of a proposed class of all other similarly situated persons ("Class Members" of the "Class") consisting of:

All current citizens of Illinois who purchased Campbell's Home Style Harvest Tomato With Basil soup; Home Style Healthy Request Harvest With Basil soup; Home Style Zesty Tomato Bisque soup; Home Style New England Clam Chowder soup; Home Style Light New England Clam Chowder soup; Home Style Vegetable Medley soup; Home Style Minestrone soup; Home Style Potato Broccoli Cheese soup; Slow Kettle Tomato & Sweet Basil Bisque soup; Slow Kettle Roasted Red Pepper & Smoked Gouda Bisque soup; Slow Kettle New England Clam Chowder soup; Slow Kettle New England Clam Chowder With Fresh Cream soup; and/or Slow Kettle Creamy Broccoli Cheddar Bisque soup for personal, family, or household purposes in the five years preceding the filing of the Complaint (the "Class Period").

59.     Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

60.     Upon information and belief, the Class consists of hundreds of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

61.     There are numerous and substantial questions of law or fact common to all the members of the Class and which predominate over any individual issues. Included within the common question of law or fact are:

a.     whether the representations that the Soups are free of preservatives is unfair, false, misleading, and deceptive;

b.     whether Defendant intended that Plaintiffs and the Class Members would rely on its preservative-free representations;

c.    whether Defendant violated the ICFA by selling the Soups with false, misleading, and deceptive representations;

d.    whether Defendant breached express and/or implied warranties of merchantability;

e.    whether Defendant breached express and/or implied warranties of fitness for a particular purpose;

f.    whether Defendant's acts constitute deceptive, unfair, and fraudulent business acts and practices or deceptive, untrue, and misleading merchandising practices;

g.    whether Defendant has been unjustly enriched; and

h.    the proper measure of damages sustained by Plaintiffs and Class Members.

62.    The claims of the Plaintiffs are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiffs and Defendant's conduct affecting Class Members, and Plaintiffs have no interests adverse to the interests other Class Members.

63.    Plaintiffs will fairly and adequately protect the interests of Class Members and has retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

64.    A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

a.    the claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

b.  absent a Class, the Class Members will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

c.  given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d.  when the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

e.  this action presents no difficulty that would impede its management by the court as a class action which is the best available means by which Plaintiffs and members of the Class can seek redress for the harm caused to them by Defendant.

65.  Because Plaintiffs seek relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class which would establish incompatible standards of conduct for Defendant.

66.  Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. Thus, class treatment is a superior method for adjudication of the issues in this case.

## CLAIMS FOR RELIEF

### Count I – Violation of the ICFA

67.  Plaintiffs repeat and re-allege the allegations of the preceding paragraphs as if

fully set forth herein.

68.     The ICFA declares the following to be unlawful: "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact…in the conduct of any trade or commerce[.]" 815 Ill. Comp. Stat. Ann. 505/2.

69.     Defendant's conduct in advertising and selling the Home Style Soups as having "No Preservatives Added" when they in fact contain added preservatives constitutes the act, use and employment of deception, fraud, false pretenses, false promises, misrepresentation, and unfair practices in the conduct of Defendant's trade or commerce.

70.     Defendant's conduct in advertising and selling the Slow Kettle Soups as being "Made With Patience, Not Preservatives" when they in fact contain added preservatives constitutes the act, use and employment of deception, fraud, false pretenses, false promises, misrepresentation, and unfair practices in the conduct of Defendant's trade or commerce.

71.     Defendant intended that Plaintiffs and the Class Members would rely on its "No Preservatives Added" and "Made With Patience, Not Preservatives" representations. Defendant is aware that consumers like Plaintiffs and Class Members are becoming more and more interested in purchasing products that do not contain potentially harmful preservatives. Defendant intended to prey on this interest.

72.     The "No Preservatives Added" and "Made With Patience, Not Preservatives" misrepresentations are material because they concerns the type of information upon which a

reasonable consumer would be expected to rely in deciding whether to purchase.

73.     Because Defendant is in the business of selling the Soups, Defendant committed the unfair and deceptive acts in the conduct of its trade and commerce.

74.     Defendant's practice of advertising and selling the Soups as having "No Preservatives Added" and being "Made With Patience, Not Preservatives" when they in fact contain the Preservatives is also unfair.  The practice offends public policy and is immoral, unethical, and unscrupulous because Illinois consumers are increasingly interested in purchasing and using products without preservatives. Selling the Soups as preservative-free when they are not offends the public's expectation to be told the truth about the products they are buying.

75.     Defendant's conduct causes substantial injury to Plaintiffs and reasonable consumers.  Not only are reasonable consumers being misled into purchasing Soups that are not what they are represented to be, but exposing consumers to unwanted preservatives is substantially injurious.

76.     Neither Plaintiffs nor any reasonable consumer would expect to find the Preservatives in Soups labeled "No Preservatives Added" or "Made With Patience, Not Preservatives."

77.     Neither Plaintiffs nor any reasonable consumer when reviewing the Soups' labels would know nor should know that citric acid, ascorbic acid, succinic acid, sodium phosphate, or xanthan gum are preservatives.

78.     Defendant knowingly, willfully, and intentionally labeled and marketed its Home Style Soups as having "No Preservatives Added," despite knowing they contained the Preservatives.

79.     Defendant knowingly and intentionally labeled and marketed its Slow Kettle Soups as being "Made With Patience, Not Preservatives," despite knowing they contained the Preservatives.

80.     Knowingly and intentionally including the Preservatives in its Soups labeled and marketed as having "No Preservatives Added" or "Made With Patience, Not Preservatives" demonstrates a conscious disregard for Plaintiffs' and Class Members' welfare

81.     Because the Soups are not free of preservatives as they are represented to be, the Soups as sold were worth less than the Soups as represented, and Plaintiffs and Class Members paid a premium for them. Had the whole truth been known, Plaintiffs and Class Members would not have purchased the Soups. Further, there are competitive soup manufacturers that sell soups with "no preservatives" that are less expensive.

82.     Plaintiffs and Class Members were deceived by the "No Preservatives Added" and/or "Made With Patience, Not Preservatives" labels on the Soups and suffered economic damages as a proximate result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Soups and the value of the Soups if they had been as represented.

### Count II – Breach of Express Warranty, in the Alternative

83.     Plaintiffs repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.

84.     Defendant made the affirmation of fact and the promise to Plaintiffs and the Class Members that the Home Style Soups contain "No Preservatives Added," guaranteeing to Plaintiff and the Class Members that the Home Style Soups were in conformance with the representation.

85.     Defendant made the affirmation of fact and the promise to Plaintiffs and the Class Members that the Slow Kettle Soups are "Made With Patience, Not Preservatives," guaranteeing to Plaintiff and the Class Members that the Slow Kettle Soups were in conformance with the representation.

86.     These affirmations of fact and promise became part of the basis of the bargain in which Plaintiffs and Class Members purchased Defendant's Soups, and Plaintiffs and Class Members relied on the affirmation when making their purchasing decisions.

87.     Defendant breached its express warranty that the Home Style Soups had "No Preservatives Added," by providing Plaintiffs and Class Members with Soups that contained the Preservatives.

88.     Defendant knew that the particular Soups Plaintiffs bought in fact contained the Preservatives when it manufactured and distributed the Soups.  Therefore, Plaintiffs were not required to give Defendant pre-suit notice of the nonconforming goods because Defendant knew that every single can of the Soups manufactured contained the Preservatives, as demonstrated by its packaging, labels, and website.  Further, Defendant's fraudulent practices and breach such as putting Preservatives in the Soups and labeling them "No Preservatives" constitute an incurable defect in that Plaintiffs have already consumed the Soup and in that Defendant refuses to sell its Soup with accurate labeling.

89.     As a result of Defendant's breach of warranty, Defendant has directly and proximately injured and caused damages to Plaintiffs and the Class Members by depriving them of the benefit of their bargain in that they bought Soups that were not what they were was represented to be; Plaintiffs and the class have spent money on Soups that had less value than

was reflected in the premium purchase price they paid for the Soups.

90.     Because Defendant made the affirmations of fact and promise directly on its own labels and packaging, privity is not required to bring this claim.

### Count III – Unjust Enrichment, in the Alternative

91.     Plaintiffs repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.

92.     By purchasing the Soups, Plaintiffs and the Class Members conferred a benefit on Defendant in the form of the purchase price of the fraudulent Soups.

93.     Defendant appreciated the benefit because, were consumers not to purchase the Soups, Defendant would have no sales and make no money.

94.     Defendant's acceptance and retention of the benefit is inequitable and unjust and violates the fundamental principles of justice, equity, and good conscience because the benefit was obtained by Defendant's fraudulent and misleading representations about the Soups.

95.     Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiffs' and Class Members' expense and in violation of Illinois law, and therefore restitution and/or disgorgement of such economic enrichment is required.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all similarly situated persons, prays the Court:

a.     grant certification of this case as a class action;

b.     appoint Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel;

    c.       award compensatory damages to Plaintiffs and the proposed Class, or, alternatively, require Defendant to disgorge or pay restitution of its ill-gotten gains;

    d.       award pre- and post-judgment interest;

    e.       award reasonable and necessary attorneys' fees and costs; and

    f.       for all such other and further relief, as may be just and proper.

Dated: March 6, 2020

Haunah Vanlaningham and Danielle Schwartz, individually, and on behalf of a class of similarly situated current Illinois citizens, Plaintiffs

By: _____

David C. Nelson (ARDC 6225722)
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street
Belleville IL 62220
Tel:   618-277-4000
Email: dnelson@nelsonlawpc.com

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel:   314-258-0212
Email: matt@mattarmstronglaw.com

Attorneys for Plaintiffs and the Putative Class