IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| HAUNAH VANLANINGHAM and DANIELLE SCHWARTZ, individually and on behalf of all similarly-situated current citizens of Illinois, | ) ) ) ) ) | |
| Plaintiffs, | ) | No. 3:20-cv-00647-NJR |
| v. | ) ) ) | |
| CAMPBELL SOUP CO., | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO
DEFENDANT'S MOTION TO DISMISS COMPLAINT**

**I.    INTRODUCTION**

Plaintiffs Haunah Vanlaningham and Danielle Schwartz (collectively, "**Plaintiffs**") respectfully submit this Response to Defendant Campbell Soup Company's ("**Campbell**" or "**Defendant**") Motion to Dismiss Plaintiffs' Complaint [ECF No. 19].  On March 6, 2020, Plaintiffs filed their Class Action Complaint in the Circuit Court for the 20th Judicial Circuit in St. Clair County, Illinois.  On July 1, 2020, Defendant filed its Notice of Removal.  [ECF No. 1]. Defendant filed its Motion to Dismiss on August 7, 2020, which Plaintiffs hereby oppose.

This lawsuit arises out of Campbell's deceptive, unfair, and false practices regarding its "Home Style" and "Slow Kettle" soups, specifically the soups listed in the first and second paragraphs of the Complaint (the "**Soups**").  Complaint at ¶¶ 1-2.  The labels of the Soups include the following representations: "No Preservatives Added" and "Made with Patience, Not Preservatives."  *Id.* at ¶¶ 3, 5.  Campbell's websites contain further representations regarding the Soups: "No artificial flavors and no added preservatives or colors" and "No artificial flavors.

Campbell's Slow Kettle Style soups contain no preservatives, no artificial colors, no artificial flavors, and no added MSG." *Id.* at ¶¶ 4, 6.[1]

Knowing that consumers, like Plaintiffs, are interested in purchasing products that do not contain artificial flavors, preservatives, or colors, Campbell sought to mislead consumers and entice purchases and profits by labeling its Soups with the misrepresentations. *Id.* at ¶ 37, 49. Plaintiffs each purchased one or more of the Soups for personal consumption based upon the labels' representations. *Id.* at ¶¶ 14-15. However, the Soups contain various preservatives including citric acid, ascorbic acid, succinic acid, sodium phosphate, and/or xanthan gum, as well as various artificial flavors including monosodium glutamate, disodium inosinate, disodium guanylate, citric acid, and/or succinic acid. *Id.* at ¶¶ 7-8. Plaintiffs were therefore deceived into purchasing Soups containing preservatives and/or artificial flavors, which injured Plaintiffs because the Soups were substantially less valuable than the Soups as warranted. *See id.* at ¶¶ 68-82.

In accordance with the above, Plaintiffs bring claims against Campbell for violations of the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.* ("**ICFA**"), and, in the alternative, claims for breach of express warranty and unjust enrichment. Each claim is well-pleaded, and Campbell's Motion to Dismiss should be denied in its entirety.

---

[1] Plaintiffs provide the allegations pertaining to Campbell's website for context, which support the materiality of the misrepresentations found on the Soups' labels. The Complaint does not allege Plaintiffs reviewed misrepresentations on Campbell's website prior to purchasing the Soups. As such, Plaintiffs do not address Campbell's argument that the "No Artificial Flavors language" did not cause them injury. *See* Def.'s Memo. at 17-19.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6).

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the wrongdoing alleged "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. The court must liberally construe a plaintiff's claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the pleader. *Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). "[T]he complaint does not need to state all possible legal theories." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citation omitted).

### B. Illinois Consumer Fraud Act, 815 505/1 *et seq*.

To state a claim under the ICFA, a plaintiff must plausibly allege: "(1) a deceptive act or practice by [the defendant]; (2) [the defendant's] intent that [the plaintiff] rely on the deceptive act; (3) the deceptive act occurred during a course of conduct involving trade or commerce; and (4) actual damage as a result of the deceptive act." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (citation omitted). Whether a defendant's conduct is deceptive "is a factual issue which must be decided by the trier of fact." *See Thrasher-Lyon v.*

*Ill. Farmers Ins. Co.*, 861 F. Supp. 2d 898, 913 (N.D. Ill. 2012) (alteration omitted) (quoting *Daley v. Datacom Sys. Corp.*, 585 N.E.2d 51, 66 (Ill. 1991)).

### III. ARGUMENTS & AUTHORITIES

Campbell seeks a blanket dismissal of each of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). *See generally* Defendant's Memorandum in Support of Motion to Dismiss [ECF No. 20] (hereinafter, "**Def.'s Memo.**"). Campbell argues, incorrectly, that Plaintiffs' claims are conflict preempted based upon federal law that is wholly inapplicable to the Soups and conduct at issue in this lawsuit. *See id.* at 8-10. Campbell further argues, and again incorrectly, that the Complaint fails to plausibly allege that the misrepresentations at issue are misleading to a reasonable consumer. *See id.* at 11-18. Critically, whether the Soups' labels are misleading to a reasonable consumer is a fact issue that cannot be disposed of on a motion to dismiss. *York v. Andalou Naturals, Inc.*, No. 16-cv-00894, 2016 WL 7157555, at *2 (S.D. Ill. Dec. 8, 2016) (citation omitted). Finally, Campbell argues that Plaintiffs' claims for breach of express warranty and unjust enrichment, plead in the alternative, should be dismissed because those claims hinge upon the viability of Plaintiffs' ICFA claim. Def.'s Memo. at 19-20 [ECF No. 20].[2] As set forth below, Plaintiffs' ICFA claim is well-pleaded, and the breach of warranty and unjust enrichment claims should not be dismissed.

### A. Plaintiffs have stated a claim under the ICFA.

***Plaintiffs allege a deceptive act or practice by Campbell.*** Specifically, Plaintiffs allege that Campbell labels the Soups as containing no preservatives when the Soups in fact do contain preservatives. Complaint at ¶ 69-70. *See Zarinebaf v. Champion Petfoods USA Inc.*, No. 18 C

---

[2] Campbell also argues that Plaintiffs lack standing to seek injunctive relief. Def.'s Memo. at 20 [ECF No. 20]. Plaintiffs Complaint does not seek injunctive relief, but Plaintiffs reserve the right to amend to include such relief.

6951, 2019 WL 3555383, at *6 (N.D. Ill. July 30, 2019) ("statement is deceptive [under ICFA] if it creates a likelihood of deception or has the capacity to deceive") (citation omitted).

*Plaintiffs allege that Campbell intended Plaintiffs to rely upon the deceptive act.* Specifically, Plaintiffs allege that Campbell intended for Plaintiffs to rely upon the labels' representations that the Soups contain no preservatives as Campbell is aware that consumers, like Plaintiffs, are becoming more and more interested in purchasing products that do not contain potentially harmful preservatives and that Campbell intended to prey on this interest. *Id.* at ¶ 71.

*Plaintiffs allege that Campbell's deceptive acts occurred during a course of conduct involving trade or commerce.* Specifically, Plaintiffs allege that, because Campbell is in the business of selling the Soups, the deceptive acts occurred during Campbell's conduct involving its trade and commerce. *Id.* at ¶ 73.

*Plaintiffs allege that they sustained actual damage proximately caused by the deceptive act.* Specifically, Plaintiffs allege that, because the Soups are not free of preservatives as represented, the Soups as sold were worth less than the Soups as represented, and Plaintiffs paid a premium for them. *Id.* at ¶ 81. Plaintiffs further allege that there are competitive soup manufacturers that sell soups with no preservatives that are less expensive, and had Plaintiffs known the Soups contain preservatives, they would not have purchased them. *See Korte v. Pinnacle Foods Grp., LLC*, No. 17-CV-199-SMY-SCW, 2018 WL 1508855, at *4 (S.D. Ill. Mar. 27, 2018) ("In the consumer context, a plaintiff may satisfy th[e damage] element if the seller's deception deprives them of the benefit of his or her bargain by causing them to pay 'more than the actual value of the property.'") (quoting *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010)).

At the pleading stage, this is all that is required to state a claim under the ICFA. *Haywood*, 887 F.3d at 333. Campbell's Motion to Dismiss should be denied.

### B. Plaintiffs' claims are not conflict preempted.

Campbell illogically asserts that Plaintiffs' claims are conflict preempted based upon the following: (1) "Plaintiffs limit their claims to soups that ***do not contain meat***"; (2) "[t]he federal laws at issue here are the Federal ***Meat*** Inspection Act ("**FMIA**") and the ***Poultry*** Products Inspection Act ("**PPIA**")"; and (3) [t]he "USDA has already determined that" some of Campbell's soups, which are not at issue in this lawsuit, "are properly labeled." Def.'s Memo. at 8-10 [ECF No. 20] (emphasis added). Because the federal laws Campbell claims are at issue in this lawsuit have no bearing on the Soups actually at issue in this lawsuit, there can be no conflict preemption.

"[C]onflict preemption exists where compliance with both state and federal law is impossible, or where the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, 377 (2015) (internal quotations omitted) (quoting *California v. ARC Am. Corp.*, 490 U.S. 93, 100 (1989)). "In determining whether a federal statute preempts state law," courts begin their analysis "with the intent of Congress." *Patriotic Veterans, Inc. v. Indiana*, 736 F.3d 1041, 1046 (7th Cir. 2013) (citing *Wyeth v. Levine*, 555 U.S. 555, 565 (2009)). Courts "ascertain the intent of Congress . . . through a lens that presumes that the state law has not been preempted." *Id.* A statute only supersedes "the historic police powers of the states" where "the language of the statute expresses a clear and manifest purpose otherwise." *Id.*

Campbell does not argue that compliance with both state and federal laws is impossible and instead only posits that the ICFA "stands as an obstacle to the accomplishment and

Page 6 of 14
Case No.: 3:20-cv-00647-NJR

execution of the full purposes and objectives of" the FMIA and PPIA. Def.'s Memo. at 8 [ECF No. 20] (alteration and internal quotations omitted) (quoting *Patriotic Veterans*, 736 F.3d at 1049). The FMIA expressly sets forth its purpose and objective: "It is essential in the public interest that the health and welfare of consumers be protected by assuring that ***meat*** and ***meat food products*** distributed to them are wholesome, not adulterated, and properly marked, labeled, and packaged." 21 U.S.C. § 602. Similarly, the PPIA expressly sets forth its purpose and objective: "It is essential in the public interest that the health and welfare of consumers be protected by assuring that ***poultry products*** distributed to them are wholesome, not adulterated, and properly marked, labeled, and packaged." *Id.* at § 451.

Here, as Campbell concedes, no meat or poultry products were distributed to Plaintiffs, Def.'s Memo. at 8 [ECF No. 20], and it is clear from the statutory language that Congress did not intend for food products containing no meat or poultry to fall within the ambit of the FMIA or PPIA. *See* 21 U.S.C. §§ 451, 602. Campbell fails to identify any language in the FMIA or PPIA that "expresses a clear and manifest" intent of governing products that do not contain meat or poultry. *Contra Patriotic Veterans*, 736 F.3d at 1049. As such, Plaintiffs' claims, which indisputably do not encompass meat or poultry products, cannot "stand as an obstacle to the accomplishment and execution of the full purposes and objectives of" the FMIA or PPIA. *See Oneok*, 575 U.S. at 377.

The fact that Plaintiffs' claims do not allege that any of Campbell's meat or poultry products are violative of the ICFA doom Defendant's argument because a requirement of preemption "is a rule of law that must be obeyed." *Phelps v. Hormel Foods Corp.*, 244 F. Supp. 3d 1312, 1316 (S.D. Fla. 2017) (quoting *Meaunrit v. ConAgra Foods Inc.*, No. C 09-02220 CRB, 2010 WL 2867393, at *5 (N.D. Cal. July 20, 2010)); *see also Meaunrit*, 2010 WL 2867393, at *5

("In conducting a preemption analysis, a court must consider the theory of each claim and determine whether the legal duty that is the predicate of that claim is inconsistent with federal law.") (internal quotations omitted) (quoting *Cipollone v. Ligget Grp., Inc.*, 505 U.S. 504, 523-24 (1992)). For purposes of this case, neither the FMIA nor the PPIA are rules of law that must be obeyed with respect to the Soups. Because the statutes do not apply to this case, Plaintiffs could not "seek to impose different requirements on labeling" that would "preempt their state-law causes of action." *See* Def.'s Memo. at 9 [ECF No. 20] (citation and alteration omitted). Campbell's preemption argument thus fails.

### C. The Complaint plausibly alleges that the No Preservatives claims are misleading to a reasonable consumer.

Campbell argues that Plaintiffs' Complaint fails to meet the reasonable consumer standard because "it does not plead facts to support the (implausible) assertion that a 'reasonable consumer' considers any ingredient a preservative if it might potentially be used for that function, even if the ingredient does not actually function as a preservative in the food under consideration," and the Complaint "does not plausibly allege that citric acid, ascorbic acid, succinic acid, sodium phosphate, and/or xanthan gum actually function as preservatives in the [Soups]." Def.'s Memo. at 12 [ECF No. 20]; *but see* Complaint at ¶¶ 35-38, 40-44, 47-50, 52-56. In support, Defendant asserts that "the FDA regulation governing labeling of preservatives is triggered only when an ingredient has actual preservative function in the food." Def.'s Memo. at 15 (citing 21 C.F.R. § 101.22(j)). Campbell's argument is unavailing.

#### 1. Whether Campbell's misrepresentations are misleading cannot be resolved on a motion to dismiss.

"[W]hether a reasonable consumer would be deceived by a product label or a reasonable consumer's understanding of the term '[preservative]' are questions of fact that cannot be

resolved pursuant to a motion to dismiss." *York v. Andalou Naturals, Inc.*, No. 16-cv-00894, 2016 WL 7157555, at *2 (S.D. Ill. Dec. 8, 2016) (citing *Murphy v. Stonewall Kitchen, LLC*, No. ED 104072, 2016 WL 6596083, at *2 (Mo. Ct. App. Nov. 8, 2016); *Gubala v. CVS Pharm., Inc.*, No. 14 C 9039, 2016 WL 1019794, at *8 (N.D. Ill. Mar. 15, 2016); *Silva v. Smucker Nat. Foods, Inc.*, No. 14-cv-6154, 2015 WL 5360022, at *8 (E.D.N.Y. Sept. 14, 2015); *Leonhart v. Nature's Path Foods, Inc.*, No. 13-cv-00492-BLF, 2014 WL 6657809, at *6 (N.D. Cal. Nov. 21, 2014).

Similarly, the issue of whether a consumer's understanding of how a certain ingredient functions in a specific product is not properly resolved on a motion to dismiss at the pleadings stage. *See Kubilius v. Barilla Am., Inc.*, No. 18 C 6656, 2019 WL 2861886, at *4 (N.D. Ill. July 2, 2019) (rejecting the defendant's argument that the plaintiff "was required to plead facts indicating that citric acid 'functions as a preservative' in the product at issue"); *Biffar v. Pinnacle Foods Grp., LLC*, No. 16-0873-DRH, 2016 WL 7429130, at *3 (S.D. Ill. Dec. 22, 2016) ("[A] reasonable consumer's understanding of the term 'artificial'" is a "question[] of fact that cannot be resolved on a motion to dismiss."); *see also Cabrega v. Campbell Soup Co.*, No. 2:18-cv-03827-SJF-ARL, at *18 (E.D.N.Y. Nov. 18, 2019) (Order Denying Motion to Dismiss) (collecting cases); *Branca v. Bai Brands, LLC*, No. 3:18-cv-00757-BEN-KSC, 2019 WL 1082562, at *4-5 (S.D. Cal. Mar. 7, 2019); *Morris v. Mott's LLP*, No. SACV 18-01799 AG, 2019 WL 948750, at *4 (C.D. Cal. Feb. 26, 2019). The Complaint alleges that the "Challenged Ingredients" are preservatives, and that Plaintiffs were deceived by Campbell's misrepresentations claiming that the Soups contain no preservatives. Complaint at ¶¶ 3-7, 9-12, 14-15, 35-45, 47-57. The veracity of those allegations cannot be disputed on a motion to dismiss.

    **2. The "ingredients list" defense has been rejected by this district and many others.**

The "ingredients list" defense Campbell posits, Def.'s Memo. at 15-16 [ECF No. 20], has been rejected by courts in this district, as well as many others. *See, e.g.*, *Terrazzino v. Wal-Mart Stores, Inc.*, 335 F. Supp. 3d 1074, 1083-84 (N.D. Ill. 2018) ("This Court, however, agrees with numerous others that have rejected the 'ingredient list' defense. As the Ninth Circuit has explained, the FDA does not require 'an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misrepresentations and provide a shield for liability for the deception.'") (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008)); *Korte*, 2018 WL 1508855, at *4 ("[T]he fact that the back of the bottle may disclose the presence of oils and liquids other than extra virgin olive oil does not settle the issue of whether the front of the bottle may be deceptive."); *York*, 2016 WL 7157555, at *3 (collecting cases). Further, "whether listing other ingredients on the back [of the Soups] would be sufficient to dispel any misunderstanding the name and description on the front of the package might cause is a question of fact." *Korte*, 2018 WL 1508855, at *4.

Moreover, the Complaint does not allege that Plaintiffs read the ingredients list on the back of the label and instead alleges they relied upon the "No Preservatives" or "Made With Patience, Not Preservatives" contained on the front or lid of the Soups in making their purchases. *See Terrazzino*, 335 F. Supp. 3d at 1083 (finding *Ibarrola v. Kind, LLC* inapposite where plaintiff "does not allege that she read the ingredient label"). Hiding the preservative-ingredients on the back of the label, in the ingredients list, with almost illegible typeface cannot shield Campbell from liability for its prominent misrepresentations on the front and tops of the cans. *Terrazzino*, 335 F. Supp. 3d at 1083-84.

   3. **Campbell misstates the import of FDA regulations.**

Defendant's argument—that "the FDA regulation governing labeling of preservatives is triggered only when an ingredient has an actual preservative function in food"—is directly at odds with the plain text of the FDA's definition of a preservative, according to which a preservative "***tends*** to prevent or retard deterioration" of food.  21 C.F.R. § 101.22(a)(5); Def.'s Memo. at 15 [ECF No. 20].  "Tends" is defined as "to usually do a particular thing."  *Tends*, MacMillan Dictionary, available at https://www.macmillandictionary.com/us/dictionary/american/tend?q=tends (last visited August 19, 2020).  It hardly means the same thing as "actually functions," as Campbell purports.  It follows that it is not necessary for preservatives to actually function as preservatives in the instant case in order to qualify as preservatives pursuant to the FDA's definition, so long as this is their general tendency.  The FDA's definition of preservative also supports this conclusion by expressly providing a list of ingredients that are not defined as a preservative.  21 C.F.R. § 101.22(a)(5) (preservative "does not include common salt, sugars, vinegars, spices, or oils extracted from spices, substances added to food by direct exposure thereof to wood smoke, or chemicals applied for their insecticidal or herbicidal properties").  None of the "Challenged Ingredients" appear in section 101.22(a)(5).  *Compare* Complaint at ¶ 7, *with* 21 C.F.R. § 101.22(a)(5).

Further, "[t]he Illinois Supreme Court has explained," in the context of FDA regulations, "that 'conduct is not specifically authorized merely because it has not been prohibited.'"  *Korte*, 2018 WL 1508855, at *3 (quoting *Price v. Phillip Morris, Inc.*, 848 N.E.2d 1, 36 (2005)).  "Thus, the labeling in question is not excluded from the scope of the ICFA solely because it does not violate the cited federal regulations."  *Id.*  Notwithstanding the fact that Plaintiffs do not claim that the Soups violate federal regulations, Campbell improperly relies upon an "FDA regulation governing labeling of preservatives" which Campbell argues "is triggered only when

Page 11 of 14
Case No.: 3:20-cv-00647-NJR

an ingredient has an actual preservative function." Def.'s Memo. at 15 [ECF No. 20]. Campbell thus asserts that the Soups' labels are excluded from the scope of the ICFA solely because it does not violate the FDA regulation it cites, which is the exactly what *Korte* rejected. *See Korte*, 2018 WL 1508855, at *3.

Finally, Campbell's arguments that Plaintiffs' Complaint "purports to trigger preservative labeling obligations even if the ingredient at issue performs no preservative function whatsoever" and its other arguments related to "labeling obligation[s] for preservatives" are untenable. *See* Def.'s Memo. at 15 [ECF No. 20]. Plaintiffs' claims target Campbell's affirmative misrepresentations on the front labels or lids of the Soups. *See, e.g.*, Complaint at ¶¶ 3-5; Defendant's Request for Judicial Notice at Exhibits A, C [ECF No. 21-1, 21-3]. Nowhere does the Complaint allege that preservative labeling obligations are "triggered." *Contra* Def.'s Memo. at 15 [ECF No. 20]. The only federal labeling requirement of genuine relevance is 21 U.S.C. § 343(a)(1), according to which "[a] food shall be deemed misbranded if its labeling is false or misleading in any particular." The simple fact is that the FDA has not promulgated any regulations concerning when affirmative "No Preservatives" claims are permissible on front labels or lids, which is therefore a matter of state consumer protection law alone, and Campbell's preemption argument is belied for this additional reason.

**D. Plaintiffs' Unjust Enrichment claim is well-pleaded.**

Unjust enrichment is not a distinct cause of action under Illinois law, however it is "a condition brought about by fraud or other unlawful conduct." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 739-40 (7th Cir. 2019) (citations omitted). Because Plaintiffs have stated a claim under the ICFA, their unjust enrichment claim survives as well. *Id.*

### E. Plaintiffs' Breach of Express Warranty claim is well-pleaded.

Campbell asserts that, because Plaintiffs' ICFA claim fails, so to does their breach of warranty claim. Def.'s Memo. at 19 [ECF No. 20]. Because Plaintiffs have stated a claim under the ICFA, their breach of express warranty claim survives as well.

### IV. CONCLUSION

For the reasons stated above, Plaintiffs have pleaded sufficient facts to state a claim upon which relief can be granted and Defendant is not entitled to dismissal. Therefore, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss Plaintiffs' Complaint.


Dated: September 11, 2020      Haunah Vanlaningham and Danielle Schwartz, individually, and on behalf of a class of similarly situated current Illinois citizens, Plaintiffs

By:    */s/ David C. Nelson*
David C. Nelson (ARDC 6225722)
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street
Belleville, IL 62220
Tel: 618-277-4000
Email: dnelson@nelsonlawpc.com

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel: 314-258-0212
Email: matt@mattarmstronglaw.com

Stuart L. Cochran
Texas State Bar No. 24027936
STECKLER GRESHAM COCHRAN PLLC
12720 Hillcrest Rd., Ste. 1045
Dallas, TX 75230
Tel: 972-387-4040
Email: stuart@sgc.law

Attorneys for Plaintiffs and the Putative Class

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which electronically delivered a copy of the same to all counsel of record.

>	*/s/ David C. Nelson*
>	David C. Nelson