## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| HAUNAH VANLANINGHAM and DANIELLE SCHWARTZ, individually and on behalf of all similarly-situated current citizens of Illinois,<br><br>        Plaintiffs,<br><br>    v.<br><br>CAMPBELL SOUP CO.,<br><br>        Defendant. | No. 3:20-cv-00647-NJR |

**DEFENDANT CAMPBELL SOUP CO.'S ANSWER TO CLASS ACTION COMPLAINT**

Defendant Campbell Soup Co. ("Defendant" or "Campbell") answer Plaintiffs' Complaint as follows, in paragraphs numbered to correspond to the paragraph numbers in said Complaint:

1.       Campbell admits that the soups identified in paragraph 1 are products that are or were manufactured by Campbell. To the extent a further response is required, Campbell denies the allegations in paragraph 1.

2.       Campbell admits that the soups identified in paragraph 2 are products that are or were manufactured by Campbell. To the extent a further response is required, Campbell denies the allegations in paragraph 2.

3.       Paragraph 3 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 3 of the Complaint.

4.       Paragraph 4 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 4 of the Complaint. To the extent a further response is required, Campbell responds that alleged information on Campbell's websites or that relates to "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

5.      Paragraph 5 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 5.

6.      Paragraph 6 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 6. To the extent a further response is required, Campbell responds that alleged information on Campbell's websites or that relates to "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

7.      Campbell denies the allegations in paragraph 7 of the Complaint.

8.      Campbell denies the allegations in paragraph 8 of the Complaint. Campbell further responds that allegations regarding "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

9.      Paragraph 9 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 9 of the Complaint. Campbell further responds that allegations regarding "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

10.     Paragraph 10 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 10 of the Complaint. Campbell further responds that allegations regarding "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

11.     Paragraph 11 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in

paragraph 11 of the Complaint. Campbell further responds that allegations regarding "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

12.     Paragraph 12 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 12 of the Complaint.  Campbell further responds that allegations regarding "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020). To the extent that paragraph 12 can be interpreted to allege anything with regard to alleged "artificial colors," any such allegations also form no part of Plaintiffs' claims in this action. *Id.*

13.     Campbell admits that Plaintiff purports to assert causes of action under the Illinois Consumer Fraud and Deceptive Business Practices Act ("IFCA") and Illinois common law. The allegations in paragraph 13 otherwise contain statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 13 of the Complaint.

## THE PARTIES

14.     Campbell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. To the extent a response is required, Campbell denies the allegations in paragraph 14.

15.     Campbell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. To the extent a response is required, Campbell denies the allegations in paragraph 15.

16.     The allegations in paragraph 16 contain statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in

paragraph 16 of the Complaint.

17. The allegations in paragraph 17 contain statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 17 of the Complaint.

18. Campbell admits the allegations in paragraph 18 of the Complaint.

## JURISDICTION AND VENUE

19. Paragraph 19 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 22 of the Complaint.

23. Campbell denies the allegations in paragraph 23 of the Complaint.

24. Campbell denies the allegations in paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell lacks information sufficient to form a belief as to the truth of the allegations in paragraph 25.

## FACTUAL ALLEGATIONS

### Allegations Related to Various Ingredients in the Soups

26.     Campbell denies the allegations in paragraph 26 of the Complaint. To the extent a further response is required, Campbell responds that alleged information on Campbell's websites or that relates to "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

27.     Campbell denies the allegations in paragraph 27 of the Complaint. To the extent a further response is required, Campbell responds that alleged information on Campbell's websites or that relates to "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

28.     Campbell denies the allegations in paragraph 28 of the Complaint. To the extent a further response is required, Campbell responds that alleged information on Campbell's websites or that relates to "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

29.     Campbell denies the allegations in paragraph 29 of the Complaint. To the extent a further response is required, Campbell responds that alleged information on Campbell's websites or that relates to "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

30.     Campbell denies the allegations in paragraph 30 of the Complaint. To the extent a further response is required, Campbell responds that alleged information on Campbell's websites or that relates to "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

31.     Campbell denies the allegations in paragraph 31 of the Complaint. To the extent a further response is required, Campbell responds that alleged information on Campbell's websites

or that relates to "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

32.     Campbell denies the allegations in paragraph 32 of the Complaint. To the extent a further response is required, Campbell responds that alleged information on Campbell's websites or that relates to "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

33.     Campbell denies the allegations in paragraph 33 of the Complaint. To the extent a further response is required, Campbell responds that alleged information on Campbell's websites or that relates to "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

## Allegations Related to Home Style Soups

34.     Campbell admits that at certain points during the Class Period it manufactured soups under the "Home Style Soups" brand.

35.     Campbell denies the allegations in paragraph 35 of the Complaint.

36.     Campbell denies the allegations in paragraph 36 of the Complaint. Campbell further responds that allegations regarding "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

37.     Campbell denies the allegations in paragraph 37 of the Complaint. Campbell further responds that allegations regarding "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

38.     Campbell denies the allegations in paragraph 38 of the Complaint. Campbell further responds that allegations regarding "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

39.     Campbell denies the allegations in paragraph 39 of the Complaint. Campbell further

responds that allegations regarding "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

40.     Paragraph 40 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 40 of the Complaint.

41.     Paragraph 41 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 42 of the Complaint. Campbell further responds that allegations regarding "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

43.     Paragraph 43 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 43 of the Complaint. Campbell further responds that allegations regarding "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

44.     Paragraph 44 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 44 of the Complaint. Campbell further responds that allegations regarding "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

45.     Paragraph 45 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 45 of the Complaint.

### Allegations Related to Slow Kettle Soups

46.     Campbell admits that at certain points during the Class Period it manufactured soups under the "Slow Kettle Soups" brand.

47.     Campbell denies the allegations in paragraph 47 of the Complaint.

48.     Campbell denies the allegations in paragraph 48 of the Complaint. Campbell further responds that allegations regarding "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

49.     Campbell denies the allegations in paragraph 49 of the Complaint. Campbell further responds that allegations regarding "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

50.     Campbell denies the allegations in paragraph 50 of the Complaint. Campbell further responds that allegations regarding "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

51.     Campbell denies the allegations in paragraph 51 of the Complaint. Campbell further responds that allegations regarding "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

52.     Paragraph 52 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in

paragraph 53 of the Complaint.

54.    Paragraph 54 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 54 of the Complaint. Campbell further responds that allegations regarding "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

55.    Paragraph 55 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 55 of the Complaint. Campbell further responds that allegations regarding "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

56.    Paragraph 56 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 56 of the Complaint. Campbell further responds that allegations regarding "artificial flavors" form no part of Plaintiffs' claims in this action. *See* Memorandum and Order at 10 (Dkt. No. 27) (Oct. 5, 2020).

57.    Paragraph 57 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Campbell denies the allegations in paragraph 57 of the Complaint.

## CLASS ALLEGATIONS

58.    Paragraph 58 of the Complaint contains statements and conclusions of law to which no response is required.  To the extent that a response is required, Campbell denies that Plaintiffs are entitled to assert an action on behalf of the proposed class.

59.    Paragraph 59 of the Complaint contains statements and conclusions of law to which

no response is required.  To the extent that a response is required, Campbell denies that Plaintiffs are entitled to assert an action on behalf of the proposed class.

60.    Paragraph 60 of the Complaint contains statements and conclusions of law to which no response is required.  To the extent that a response is required, Campbell denies that Plaintiffs are entitled to assert an action on behalf of the proposed class.

61.    Paragraph 61 of the Complaint contains statements and conclusions of law to which no response is required.  To the extent that a response is required, Campbell denies that Plaintiffs are entitled to assert an action on behalf of the proposed class.

62.    Paragraph 62 of the Complaint contains statements and conclusions of law to which no response is required.  To the extent that a response is required, Campbell denies that Plaintiffs are entitled to assert an action on behalf of the proposed class.

.

63.    Paragraph 63 of the Complaint contains statements and conclusions of law to which no response is required.  To the extent that a response is required, Campbell denies that Plaintiffs are entitled to assert an action on behalf of the proposed class.

64.    Paragraph 64 of the Complaint contains statements and conclusions of law to which no response is required.  To the extent that a response is required, Campbell denies that Plaintiffs are entitled to assert an action on behalf of the proposed class.

65.    Paragraph 65 of the Complaint contains statements and conclusions of law to which no response is required.  To the extent that a response is required, Campbell denies that Plaintiffs are entitled to assert an action on behalf of the proposed class.

66.    Paragraph 66 of the Complaint contains statements and conclusions of law to which no response is required.  To the extent that a response is required, Campbell denies that Plaintiffs are entitled to assert an action on behalf of the proposed class.

## CLAIMS FOR RELIEF

### Count I - Violation of the ICFA

67.     Campbell repeats and re-avers its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

68.     Paragraph 68 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 69 of the Complaint.

70.     Paragraph 70 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 70 of the Complaint.

71.     Paragraph 71 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 71 of the Complaint.

72.     Paragraph 72 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 72 of the Complaint.

73.     Paragraph 73 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations

in paragraph 74 of the Complaint.

75.     Paragraph 75 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 75 of the Complaint.

76.     Paragraph 76 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 77 of the Complaint.

78.     Paragraph 78 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 78 of the Complaint.

79.     Paragraph 79 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 80 of the Complaint.

81.     Paragraph 81 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 81 of the Complaint.

82.     Paragraph 82 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations

in paragraph 82 of the Complaint.

<strong>Count II - Breach of Express Warranty, in the Alternative</strong>

83.     Campbell repeats and re-avers its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

84.     Paragraph 84 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 84 of the Complaint.

85.     Paragraph 85 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 85 of the Complaint.

86.     Paragraph 86 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 86 of the Complaint.

87.     Paragraph 87 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 87 of the Complaint.

88.     Paragraph 88 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 88 of the Complaint.

89.     Paragraph 89 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 89 of the Complaint.

90.     Paragraph 90 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations

in paragraph 90 of the Complaint.

<h3 align="center">Count III - Unjust Enrichment, in the Alternative</h3>

91.     Campbell repeats and re-avers its answers to all preceding paragraphs of the Complaint as if fully set forth herein.

92.     Paragraph 92 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 92 of the Complaint.

93.     Paragraph 93 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 93 of the Complaint.

94.     Paragraph 94 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 94 of the Complaint.

95.     Paragraph 95 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, Campbell denies the allegations in paragraph 95 of the Complaint.

<h3 align="center">PRAYER FOR RELIEF</h3>

Campbell denies that Plaintiffs are entitled to any substantive, procedural, statutory, or injunctive remedy or relief, including the relief referenced in Plaintiffs' "Prayer for Relief" section of the Complaint, or any other relief whatsoever.  Campbell further denies that any Plaintiff or any putative class member has suffered or incurred any injury or damage, either as alleged in the Complaint or at all.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have, Campbell identifies the following defenses and affirmative defenses:

1.      The Complaint fails to state a claim upon which relief may be granted.

2.      Campbell denies all allegations not expressly admitted and reserves any and all defenses it may have against Plaintiffs and the putative class.  It is not necessary at this time for Campbell to articulate defenses against the putative class because no class has been certified, and no putative class members are parties to this suit.

3.      Campbell is in full compliance with all state and federal statutes, regulations, or other laws in effect at the time of its alleged conduct, and therefore is not liable for any wrongs alleged in the Complaint.

4.      The labels referenced in the Complaint are not, and were not, deceptive, false, misleading, fraudulent, unlawful, or unfair, nor were they intended to mislead or deceive any customer.

5.      Plaintiffs' claims are barred because no "reasonable consumer" would be misled by the labeling of the products at issue.

6.      Plaintiffs' claims are barred because Plaintiffs and the putative class members, at all times, knew or were aware of the benefits, characteristics, and uses of the products they purchased, and therefore could not have reasonably or justifiably relied upon the alleged misrepresentations or omissions asserted in the Complaint.

7.      Plaintiffs and the putative class members are barred from making the claims for relief set forth in the Complaint because they have enjoyed the full benefit of any soups they purchased.

8.     Plaintiffs' claims are barred because federal law preempts each cause of action. Specifically, Plaintiff's claims are preempted under the Nutritional Labeling and Education Act, 21 U.S.C. § 343-1(a)(3), 21 U.S.C. § 343(k), and 21 C.F.R. 101.22.

9.     Plaintiff's claims are barred by the free speech guarantees of the United States Constitution, the New York Constitution, and any other state constitution that is invoked in this litigation.

10.    Plaintiffs' claims and the putative class members' claims are barred because Plaintiffs and the putative class members lack standing to pursue the claims asserted.

11.    Neither Plaintiffs nor any of the putative class members have sustained or suffered any injury or damage as a result of any actions allegedly taken by Campbell and are thus barred from asserting any claims against Campbell.

12.    Plaintiffs' damages are purely speculative, remote, and impossible to ascertain, quantify, or allocate, and Plaintiffs are therefore barred from asserting any claims against Campbell.

13.    Plaintiffs and the putative class members cannot pursue this lawsuit as a class action because the putative Plaintiffs' class representatives' claims are not sufficiently typical of those of the putative class members, common issues of fact and law do not predominate over individual issues, and damages cannot be proven on a class-wide basis.  As such, the putative Plaintiff class representatives cannot and will not adequately represent the putative class members and a class action is not a superior method for adjudicating the claims set forth in the Complaint.

14.    Plaintiffs' claims are barred, in whole or part, by the doctrines of laches, estoppel, waiver, and/or unclean hands.

15.    Plaintiffs have failed to identify their alleged damages.

16.    Campbell reserves the right to amend and/or supplement its Answer to assert any and all pertinent defenses ascertained through further investigation and discovery of this action. Campbell will rely on all defenses that may become available during discovery or trial.

## PRAYER FOR RELIEF

WHEREFORE, having answered plaintiff's Complaint, Campbell prays for judgment as follows:

A.    Dismissal of Plaintiffs' Complaint with prejudice;

C.    Awarding Campbell its reasonable costs and expenses of litigation, including attorneys' fees;

D.    Denying all relief requested by Plaintiffs; and

E.    Such other relief as the Court may deem just and proper.

Respectfully submitted this 19th Day of October,

By:    _/s/ Charles Sipos_____
       One of the Attorneys for Campbell Soup Company

Kathleen A. Stetsko
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Tel: (312) 324-8400
Fax: (312) 324-9400

Charles C. Sipos, *pro hac vice*
CSipos@perkinscoie.com
Lauren W. Staniar, *pro hac vice*
LStaniar@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099

-17-

Tel: (206) 359-3316
Fax: (206) 359-4316

David T. Biderman, *pro hac vice* forthcoming
DBiderman@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Tel:  310.788.9900
Fax:   310.843.1284

-18-

## CERTIFICATE OF SERVICE

I, Charles Sipos, certify that on October 19, 2020, at my direction the foregoing **ANSWER** was electronically filed with the Clerk of the Court using the CM/ECF system, which effected service on the following attorneys:

David C. Nelson (ARDC 6225722)
Nelson & Nelson, Attorneys at Law, P.C.
420 North High Street
Belleville, Illinois 62220
Tel: 618-277-4000
Email: dnelson@nelsonlawpc.com

Matthew H. Armstrong (ARDC 6226591)
Armstrong Law Firm LLC
8816 Manchester Rd., No. 109
St. Louis, Missouri 63144
Tel: 314-258-0212
Email: matt@mattarmstronglaw.com

Stuart L. Cochran
Steckler Gresham Cochran, PLLC
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
972-387-4040
Fax: 972-387-4041
Email: stuart@stecklerlaw.com

Attorneys for the Putative Class

I certify under penalty of perjury that the foregoing is true and correct.

*/s/   Charles C. Sipos*
Charles Sipos

-19-